IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>AUSTIN ISAAC FURR,<br>Defendant. | Case No. CR-23-1-RAW |

**ORDER**

Before the court is the Defendant's Request for Mental Competency Examination [Docket No. 19] filed by the defendant, through his counsel, requesting an order for a mental competency examination of Defendant Furr, pursuant to 18 U.S.C. §4241. The Government is not opposed to the motion.

Defense counsel represents that Defendant was previously diagnosed with schizophrenia, Bi-polar disease, Manic Depression and ADHD and was prescribed Zyprexa (olanzapine). While incarcerated awaiting trial, defendant has been prescribed Risperdal, but has not taken the medication as prescribed. Defendant is currently suffering from anxiety and has difficulty sleeping. Due to the current symptoms and previous diagnoses, there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature of the proceedings against him or to properly assist in his defense.

The court finds that Defendant's motion presents "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" such that the court must grant the motion. See 18 U.S.C. § 4241. The Tenth Circuit has reiterated on numerous occasions that

"the criminal prosecution of an accused person while legally incompetent offends the Due Process Clause of the Fourteenth Amendment." United States v. Williams, 113 F.3d 1155, 1159 (10th Cir. 1997).

Accordingly, the court GRANTS the motion [Docket No. 19]. The court hereby orders an examination pursuant to 18 U.S.C. § 4241(b) and § 4247 (b) and (c). Defendant is hereby placed in the custody of the Attorney General for prompt placement in a suitable Federal Medical Center facility* to be examined for a reasonable period, but not to exceed thirty days. The United States Marshall Service shall transport Defendant to and from the designated facility.

Defendant and the United States Probation Office for this District shall make available to the designated facility any records, reports, or other documents in their possession that pertain to Defendant's mental capacity. Defendant and his counsel shall cooperate with the designated facility in the processing of the examination. After completion of the examination, the designated facility shall file with this court a psychiatric or psychological report pursuant to the provisions of 18 U.S.C. § 4247(b) and (c). As those sections detail, the report shall include:

(1)  Defendant's history and present symptoms;
(2)  a description of the psychiatric, psychological and medical tests that were employed and their results;
(3)  the examiner's findings;
(4)  the examiner's opinions as to diagnosis, prognosis;
(5)  whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable:
(A) to understand the nature and consequences of the proceedings against him, or
(B) to assist properly in his defense.

Thereafter, the court will set a competency hearing pursuant to 18 U.S.C. §4241(a) and

---

*Unless impracticable, the Defendant shall be examined in the suitable facility closest to the court. See 18 U.S.C. § 4247(b).

§4247(d). Any period of delay resulting from this proceeding shall be excluded under the provisions of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A).

It is so ORDERED this 7th day of February, 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA