IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | PLAINTIFF, |
| vs. | NO. 23-CR-001-RAW |
| AUSTIN ISAAC FURR, | DEFENDANT. |

### SENTENCING MEMORANDUM

Comes now the Defendant, AUSTIN ISAAC FURR, and for his sentencing memorandum submits the following for the court's consideration;

### INDIVIDUALIZED SENTENCING

The United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), held that the sentencing guidelines are advisory only. The guidelines should be used as starting point in sentencing and as the initial benchmark. *Gall v. United States*, 552 U.S. 38, (2007); *Kimbrough v. U.S.*, 552 U.S. 85, (2007); *U.S. v. Serrato*, 742 F. 3d 461 (CA10 2014). A sentencing judge must not only consider the guidelines, but consider the sentencing factors in *18 U.S.C. 3553(a). Booker*, supra. A departure from the sentencing range occurs when the sentencing court reaches a sentence above or below the recommended guidelines range through application of Chapters four or five of the sentencing guidelines. A variance occurs when a sentencing court enhances or detracts from the recommended range through application of the *18 U.S.C. 3553(a)* factors. *U.S. v. Sells*, 541 F. 3d 1227 (10th cir 2008). In reviewing sentences for reasonableness, the Tenth Circuit has stated that the review of the sentence is a two step process. The two steps are procedural reasonableness, which is whether or not the guideline calculation is

correct. The other part of the process is a substantive reasonableness. Substantive reasonableness involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the *3553(a)* factors. *U.S. v. Avalos-Estrada*, 625 Fed. Appx. 742 (CA10 2013) (unpublished opinion).

## LEGAL BASIS FOR INDIVIDUALIZED SENTENCING

A sentence must be reasonable, which has both procedural and substantive components. In setting a procedurally reasonable sentence, a district court must calculate the proper advisory guideline range and apply the factors in *Section 3553(a)*. A procedurally reasonable sentence must also afford the defendant his rights under the Federal Rules of Criminal Procedure. A substantively reasonable sentence ultimately reflects the gravity of the crime and the *Section 3553(a)* factors as applied to the case. *United States v. Atencio*, 476 F.3d 1099 (10th cir 2007).

It has been the uniform and constant position in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue. *Gall v. United States,* supra. *Title 18 U.S.C. 3553(a)* governs sentencing in federal court and contains certain factors that mandate this very consideration of the nature and circumstances of the instant offense and the history and characteristics of the defendant as well as the policy considerations of sentencing such as sentence disparity, promoting respect for the law and protection for the public. *18 U.S.C. 3553(a).* In reaching a sentencing decision, a court should carefully balance the nature and seriousness of the offense, the need for deterrence and the need to protect the public, with the history and characteristics of the defendant. *U.S. v. Huckins*, 529 F.3d 1312 (10th cir 2008); *U.S. v. Reyes-Alfonso*, 653 F.3d 1137 (10th cir 2011); *U.S. v.*

*Armijo*, 651 F.3d 1226 (10th cir 2011). The Tenth Circuit has held that a sentencing court now has broad discretion to consider individual characteristics like age, employment, and criminal history in fashioning an appropriate sentence under *3553(a)*, even when disfavored under the federal sentencing guidelines or already accounted for in another part of a sentencing guideline calculation. *United States v. Jarvi*, 537 F.3d 1256 (10th cir 2008); *United States v. Sells*, supra.

When crafting a sentence in federal court, the District Court must be guided by the parsimony principle – that the sentence be sufficient, but not greater than necessary to comply with the purposes of criminal punishment, as expressed in *3553(a)*. *U.S. v. Smith,* 756 F.3d 1179 (10th cir 2014). *Section 3553(a)* is more than a laundry list of discrete sentencing factors. It is rather a tapestry of factors, through which runs the thread of an overarching principle, which is referred to as the parsimony principle. These factors are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public. *United States v. Rodriquez*, 527 F.3d 221 (1st cir 2008);  *18 U.S. C. 3553.* The district court's mandate is to impose a sentence sufficient, but not greater than necessary,  to comply with the purposes of *3553(a)*. *United States v. Martinez-Barragan*, 545 F.3d 894 (10th cir 2008).

### **3553(A) FACTORS**

The statutory sentencing factors are;

1. Nature and circumstances of the offense and history and characteristics of the defendant. The defendant was YO offender that was eventually sent to OSP. He was incarcerated at 16 and is only 23 at this time. At the time of the instant offense, September 26, 2021, the

3

defendant was 20 years old. The defendant was housed with a older and violent inmate at OSP. They got along until they didn't and this incident occurred. There were allegations of self defense. But ultimately the defendant pled guilty to involuntary manslaughter pursuant to a plea agreement.

The defendant according to the PSR had a rough childhood characterized by violence, abuse and distant and addicted parents. A person who had a relationship with the defendant 's mother basically adopted, though not legally, and raised the defendant in the later years of his adolescence. In short the defendant's childhood was harsh and while not excusing his instant predicament at least provides a basis for understanding where he came from and how he got here.

2. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to protect just punishment for the offense. This is always a concern, however with the concept of individualized sentencing, what a person does with a second chance becomes important. His avowed life plans as per PSR indicates an understanding of what has brought him to this place and a desire to help others from following the same path. The guidelines provide for a sentencing range of 70-87 months. Any sentence within the guideline would be more than an adequate sentence that would reflect the seriousness of the offense, to promote for the law and to provide for just punishment.

To afford adequate deterrence to criminal conduct. Any detention, whether pre trial or after sentencing is always a deterrent, as well as probation/supervised release.

To protect the public from further crimes. The fact of a felony conviction, prison time and some form of supervised release would be more than adequate to protect the public. The defendant would need some substance abuse and mental health treatment, but this can be done in

the BOP. Being locked up has already per the pre sentence report had an influence on the defendant to make him decide to finish his schooling and in the future work toward helping others that so they may not follow his path. These goals as well as the punishment under the guidelines would protect the public from further crimes.

To provide the Defendant with needed vocational or educational training, medical care, or other correctional care in the most effective manner. Any prison sentence will afford the defendant the time necessary to provide substance abuse counseling and mental health programs. With the defendant's avowed desire to complete or further his education, there are education programs that can help further that goal.

3. The kinds of sentences available: This is a class C felony and the defendant is ineligible for probation. The court may assess supervised release from 1 - 3 years. The guideline range is 70-87 months.  The statutory maximum sentence is not more than 15 years and a $250,000 fine, and special assessment of $100.

4. The kinds of sentence and sentencing range available. See paragraph 3 above.

5. Any pertinent policy statement: The General Application Principles as set out in *1B.1* of the guidelines provide that the court in determining the sentence, may consider, without limitation, any information concerning the background, character and conduct of the defendant. The General Application Principle at 1B1.2 in the commentary in note 6, Background, provides the following; The court must impose a sentence "sufficient, but not greater than necessary", to comply with the purposes of sentencing set forth in 18 U.S.C. 3553(a)(2).

6. Sentence disparities. According to the PSR, the average length of sentence is 92 months with a median length of 76 months  for 10 individuals.

## GUIDELINE RANGE

The guideline range is 70-87 months. Paragraph 57 PSR.

## SENTENCING REQUEST

The Defendant was arrested and jailed at Pittsburg county jail beginning on January 7, 2022. The Pittsburg county case was dismissed for lack of jurisdiction and the Defendant was continued to be confined until the Choctaw Nation filed charges on this instant case. Thereafter the defendant remained in Pittsburg County jail on a hold for the Choctaw Nation pursuant to the facts that form the basis for this charge. The defendant then was detained pursuant to the federal charges on January 11, 2023. In short the defendant has been continuously confined since January 7, 2022 for this charge. See paragraph 39, PSR. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in custody prior to the date the sentence commences — (1) has a result of the offense for which the sentence was imposed. . . . *18 U.S.C. 3585(b)(1)*. The defendant would request that he be given credit for time served since his arrest on the state charge through the Choctaw Nation charge and the instant charge herein. The defendant was charged with Murder in the first degree in both the state and the Choctaw Nation. When he was brought into custody on the federal charge he was indicted on first degree murder. The first degree murder charges were reduced pursuant to the plea agreement to first degree manslaughter. His continuous pre trial detention since January, 2022 has been due to the murder charges first filed in state court.

The defendant would request the low end of the guideline range due to the youth and individual characteristics of the defendant.

Respectfully Submitted,

Austin Isaac Furr, Defendant


By: s/Warren Gotcher
Warren Gotcher, OBA 3495
Gotcher and Beaver
Post Office Box 160
McAlester, Oklahoma 74502
(918) 423-0412
Warren@gotcher-beaver.com


CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of April, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Jordan W. Howanitz   AUSA

                              S/Warren Gotcher
                              Warren Gotcher